IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS DUPREE** <br><br> **Petitioner,** <br> v. <br><br> **JOHN WETZEL,** *et al.* <br><br> **Respondents.** | **CIVIL ACTION NO. 20-2392** |

MEMORANDUM OPINION

**Rufe, J.**                                                                                                                    **August 23, 2023**

Petitioner has filed a timely *pro se* petition under 28 U.S.C. § 2254, challenging his 2012 state convictions.[1] Magistrate Judge Carol Sandra Moore Wells has issued a Report and Recommendation ("R&R") recommending denial and dismissal of Petitioner's claims as "non-cognizable, unexhausted, procedurally defaulted, and meritless."[2] Petitioner filed objections to the R&R, to which Respondents have replied. The Court overrules Plaintiff's objections and adopts the R&R for the reasons explained below. Petitioner has also filed motions seeking various forms of relief, which the Court dismisses and denies.

I. **BACKGROUND**

The Court adopts the factual and procedural history as set forth in the R&R but restates the facts that are relevant to the instant petition. Petitioner raises several claims resulting from the prosecution and trial court's use of an allegedly fraudulent charging document. Seth

---

[1] Habeas Pet. [Doc. No. 2]. The Amended Petition, docketed on December 23, 2020, is the operative petition in this case. Am. Habeas Pet. [Doc. No. 20].

[2] Second R&R [Doc. No. 44] at 11. This is the second R&R issued in this case. On August 12, 2021, the Magistrate Judge issued the first R&R. On October 8, 2021, this Court vacated the R&R due to Respondents' failure to send their habeas response to Petitioner before the R&R was issued. The Magistrate Judge then filed a second R&R on December 6, 2021, which is the operative R&R in this case.

Williams, who was the Philadelphia District Attorney in 2010, signed Petitioner's original charging document.[3] Kathleen Martin assumed the position of acting District Attorney in 2017.[4] When Petitioner requested his state record for a Pennsylvania post-conviction relief application ("PCRA") appeal in 2017, he received a charging document that included Martin's computer-generated signature.[5] Petitioner argues that Martin signed his original charging document in 2010 without the authority to do so, rendering the trial court's jurisdiction, and his conviction, constitutionally defective.

On September 14, 2012, Petitioner was convicted of involuntary deviate sexual intercourse ("IDSI"), incest, corruption of minors, and aggravated indecent assault.[6] On May 13, 2013, he was sentenced to a mandatory minimum of 10 to 20 years imprisonment for IDSI, and a consecutive 4 to 8 years for aggravated indecent assault and terms of probation.[7] On May 22, 2013, Petitioner filed a motion for reconsideration that was denied.[8] He then filed an appeal on June 3, 2013.[9] On July 29, 2014, the Superior Court affirmed the judgment of conviction and sentence.[10]

---

[3] *Commonwealth v. Dupree*, No. 467 EDA 2019, 2020 WL 3057342, at *2–*3 (Pa. Super. Ct. June 8, 2020) ("*Dupree 2020*").

[4] *Id.* at *2.

[5] *Id.*

[6] *Id.* at *1.

[7] *Id.*; *Commonwealth v. Dupree*, No. 1636 EDA 2013, 2014 WL 10896823, at *1 (Pa. Super. Ct. July 29, 2014) ("*Dupree 2014*").

[8] *Dupree 2020*, 2020 WL 3057342, at *1.

[9] *Id.* On direct appeal, Petitioner raised the following claims: (1) trial court error in admitting evidence of Petitioner's prior conviction stemming from his 2006 sexual assault against the same victim; (2) trial court error in admitting testimony from former assistant district attorney Robert Foster; (3) trial court error when it determined that Petitioner was not prejudiced by seating Juror No. 12, although they had previously worked with Petitioner's mother albeit the unaware of their connection; and (4) his sentence was excessive. *Dupree 2014*, 2014 WL 10896823, at *1.

[10] *Dupree 2020*, 2020 WL 3057342, at *1.

Petitioner filed a timely *pro se* PCRA petition on July 27, 2015.[11] His petition was denied without a hearing on January 29, 2019.[12] On February 5, 2019, Petitioner appealed this dismissal, raising a single claim that:

> The inferior court has abdicated its responsibility to prevent the triumph of fraud, and, where a judgment has been obligated by fraud, it permitted its own records and processes to be the instruments of infamy. Appellant being confined under a void judgment procured by fraud is entitled to an unconditional discharge and equitable relief by operation of the Due Process Clause of the Fourteenth Amendment, –and on the principle that "fraud vitiates everything it touches."[13]

The Superior Court rejected Petitioner's claim, agreeing with the findings of the PCRA court that Williams's signature was on the original charging instrument, and that Martin's automatically-generated signature as acting district attorney on the 2017 copy of the charging instrument was valid.[14]

The Amended Petition filed in this Court raises six claims, all relating to the charging instrument: (1) Petitioner's due process rights were violated because the prosecution used a false charging instrument (Claim One); (2) the state court erred and violated 42 Pa. Cons. Stat. Ann. § 6103 when it authenticated the false charging instrument (Claim Two); (3) Petitioner is entitled to equitable estoppel (Claim Three); (4) Martin committed intentional fraud (Claim Four); (5) § 7723 of Pennsylvania's County Code does not "retroactively" authorize actions performed by Martin prior to her employment (Claim Five); and (6) cumulative fraud violated his due process rights (Claim Six).[15] The Magistrate Judge determined that "Claims Two, Three, Four and Five

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at *1–*2 (citations omitted).

[14] *Id.* at *3.

[15] Am. Habeas Pet. [Doc. No. 20] at 7–16.

3

are non-cognizable, Claim Six is procedurally defaulted, and Claim One lacks merit."[16] Petitioner objects to the R&R, largely raising the same arguments as he did in his Amended Petition.

## II. Discussion

### A. Claim One

Claims resolved on their merits by the state courts are reviewed under the deferential standard established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides, in relevant part, that habeas relief is precluded, unless the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[17]

Additionally, any findings of fact made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence.[18]

Petitioner claims the charging instrument violated his due process rights. However, the state courts determined that Williams' signature appears on the original charging document, and that Martin's electronic signature was automatically-generated on the 2017 copy.[19] Petitioner has offered no evidence to rebut the factual determinations of the state courts. Therefore, the R&R correctly concluded that Claim One is meritless.

---

[16] Second R&R [Doc. No. 44] at 4.

[17] 28 U.S.C. § 2254(d).

[18] 28 U.S.C. § 2254(e)(1).

[19] *Dupree 2020*, 2020 WL 3057342, at *3.

### B.   Claim Six

A habeas petitioner must first exhaust state court remedies before obtaining habeas relief.[20] When a habeas petitioner has failed to exhaust a claim and it is clear that the state courts would not consider the claim because of a state procedural rule, the claim is procedurally defaulted.[21] A court cannot review such a claim unless "the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[22]

In Claim Six, Petitioner alleges that "cumulative" fraud violated his due process rights. However, he did not raise this legal theory to the Pennsylvania Superior Court on direct or PCRA appeal. Therefore, the claim is procedurally defaulted. Petitioner does not allege that cause and prejudice excuse his default, nor does he provide new, reliable evidence of his actual innocence. The R&R correctly determined that Claim Six is procedurally defaulted.[23]

### C.   Claims Two, Three, Four, and Five

Federal habeas relief is only available to a petitioner if his conviction resulted from a violation of the Constitution or laws or treaties of the United States.[24] Moreover, habeas relief can only be granted based upon the proceedings that *resulted in* the petitioner's underlying conviction, and not upon circumstances that occurred during his subsequent state collateral

---

[20] 28 U.S.C. § 2254(b)(1)(A).

[21] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

[22] *Id.* at 750.

[23] Even if it were not procedurally defaulted, Claim Six is meritless. For the reasons explained in connection with Count One, there is no evidence of fraud that violated Petitioner's due process rights, much less "cumulative" fraud.

[24] 28 U.S.C. § 2241(c)(3); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

proceedings.[25] As the R&R correctly concluded, Claims Two, Four, and Five are based solely upon state law and are non-cognizable in this federal habeas action.

The R&R also concluded that Claim Three is non-cognizable. Claim Three appears to assert that Petitioner is entitled to "protection in equity via equitable estoppel"[26] because he did not raise other claims on PCRA appeal or his federal habeas petition. Petitioner argues that he "'acted' on the representation in a way that will result in substantial prejudice unless [his] claim of estoppel prevail[s]."[27] Without more, this is not a cognizable federal claim. However, Petitioner briefly mentions the Sixth Amendment within Claim Three and in his objections to the R&R, which is not addressed in the R&R.[28]

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."[29] Petitioner argues that his Sixth Amendment right "was violated by the service and execution of a false charging instrument that was used to initiate the state court proceeding under Article I, Section 10 of the Constitution of Pennsylvania."[30] However, any Sixth Amendment claim that Petitioner purports to assert fails. First, he did not raise this theory to the Pennsylvania Superior Court on direct or PCRA appeal, constituting procedural default. Second, the claim fails on the merits. As explained above, the Pennsylvania Superior Court found that Williams's signature appears on the original charging instrument. That Martin's signature appears on the 2017 copy

---

[25] *See Hassine v. Zimmerman*, 160 F.3d 941, 954–55 (3d Cir. 1998).

[26] Am. Habeas Pet. [Doc. No. 20] at 13.

[27] Am. Habeas Pet. [Doc. No. 20] at 13.

[28] Am. Habeas Pet. [Doc. No. 20] at 13; Obj. to Second R&R [Doc. No. 49] at 5, 7–8.

[29] U.S. Const. Amend. VI.

[30] Obj. to Second R&R [Doc. No. 49] at 1 (emphasis in original).

has no bearing on Petitioner's right "to be informed of the nature and cause of the accusation."[31] Accordingly, Claim Three is non-cognizable, procedurally defaulted, and meritless.

### D. Petitioner's Overarching Objections to the R&R

Petitioner appears to argue that the R&R is improperly based on *ex parte* communications because Respondents' brief in opposition to his petition was not properly served on him before the first R&R was issued. However, the Court ensured that Petitioner had a full opportunity to be heard.

On August 12, 2021, the Magistrate Judge issued the first R&R.[32] Petitioner objected to the R&R and argued that he never received Respondents' response to his petition.[33] The Court reviewed the file and determined that Respondents had not served Petitioner, but had attached a purported "Certificate of Service" to the response stating that the document had not been served on Petitioner because of exigencies created by the COVID-19 pandemic and that Respondents would serve Petitioner "[a]t a later time."[34] The Court ordered Respondents to show cause in writing as to why the R&R should not be vacated so that Petitioner could be properly served with, and have an opportunity to reply to, the response to the petition.[35]

In their response to this Order, Respondents agreed that the first R&R should be vacated.[36] On October 8, 2021, Respondents filed an amended certificate of service, certifying that a copy of their response was deposited in the mailroom of the Philadelphia District

---

[31] U.S. Const. Amend. VI.

[32] First R&R [Doc. No. 40].

[33] Obj. to First R&R [Doc. No. 32].

[34] Order of Oct. 7, 2021 [Doc. No. 36] at 2.

[35] Order of Oct. 7, 2021 [Doc. No. 36].

[36] Resp. Order to Show Cause [Doc. No. 39].

Attorney's Office for mailing to Petitioner.[37] Also on October 8, the Court vacated the first R&R and allowed Petitioner until November 22, 2021 to respond to the filing.[38]

On October 21, 2021, Petitioner objected to the October 8 Order and moved to strike the response to the Petition as an *ex parte* communication with the Court.[39] On November 22, 2021, Petitioner filed a Notice and Memorandum of Law in which he again objected to the October 8 Order, moved to strike Respondent's response from the record, and further argued the merits of Claim One.[40] The Magistrate Judge issued the second R&R on December 6, 2021, which noted Petitioner's filings.[41]

In his objections to the second R&R, Petitioner claims that he was not served the response to the Amended Petition.[42] Petitioner submits two exhibits that he contends "confirmed that no legal mail had been sent to, signed-for, and delivered to Mr. Dupree from the Commonwealth's attorney's [sic] within the last three years."[43] The first record is a letter from the Pennsylvania Department of Corrections dated October 19, 2021, purporting to attach a legal mail log from January 1, 2019 to "the present" in response to a request from Petitioner received by the Department of Corrections on September 30, 2021.[44] Although the date is difficult to read, the document appears to have been generated on October 6, 2021.[45] Respondents certified that

---

[37] Am. Certificate of Service [Doc. No. 38].

[38] Order of Oct. 8, 2021 [Doc. No. 40].

[39] Obj. to First R&R & Mot. to Strike [Doc. No. 41].

[40] First Not. Mem. of Law [Doc. No. 43].

[41] Second R&R [Doc. No. 44] at 1 n.1.

[42] *See* Obj. to Second R&R [Doc. No. 49]; *see also* Second Notice Mem. of Law [Doc. No. 45]; Mot. Ext. Time to File [Doc. No. 46].

[43] Rebuttal to Mr. Stiegler's Resp. to Obj. to Second R&R [Doc. No. 53] at 3.

[44] Obj. to Second R&R Ex. 3 [Doc. No. 49] at ECF page 35.

[45] Obj. to Second R&R Ex. 3 [Doc. No. 49] at ECF page 37.

they mailed the response on October 8, 2021, after the log was apparently generated. The second record is Petitioner's request for all legal mail from January 1, 2021 to December 22, 2021.[46] As there is no itemized log (only individual mail slips), the Court cannot determine whether this includes all the legal mail he received during that time frame, or whether the response was categorized by the Department of Corrections as "legal mail."

The Court notes that the Amended Certificate of Service states the response was mailed to:

> Smart Communications/PA DOC
> Nicholas Dupree/LA 2915
> SCI Benner Township
> PO Box 33028
> St. Petersburg, FL 33733[47]

This same address is listed in later certificates of service for documents sent by Respondents to Petitioner. Petitioner argues that Respondents are required to send legal mail directly to "the Institution wherein petitioner is housed under DOC's policy" and that because Respondents have not complied with that policy "no service has been rendered to Mr. Dupree by the Commonwealth's attorneys within the last two-years, or at any time before the issuance of the aforesaid report and recommendation."[48] Petitioner unquestionably has received at least some of the documents sent by Respondents (as he responds directly to them), and thus it is not clear at all whether Petitioner contends that he did not receive the response or whether he instead considers it not to have been properly served. Petitioner has not established that he does not receive mail sent to the above address, and thus Respondents properly served the response.[49]

---

[46] Obj. to Second R&R Appx. A [Doc. No. 49] at ECF pages 38–62.

[47] Amen. Cert. Serv. [Doc. No. 38].

[48] Rebuttal to Mr. Stiegler's Resp. to Obj. to Second R&R [Doc. No. 53] at 1.

[49] The Court also notes that Petitioner refers to an Order of the Court that granted Petitioner additional time to file objections to the R&R and directed the Clerk of Court to send a copy of Respondent's response to the Amended

To the extent Petitioner argues that the response is time-barred, this argument fails. Respondents timely filed a response to the Amended Petition. Although Respondents unquestionably delayed mailing of the response to Petitioner, any prejudice was cured once the Court vacated the first R&R to allow the Petitioner the opportunity to reply. Accordingly, the Court overrules Petitioner's objections on the basis of *ex parte* communications.[50]

### III.  ADDITIONAL MOTIONS

#### A.  Request for Declaratory Relief

Petitioner has filed an Affidavit and Notice to Defend, in which he repeats his assertion that his Sixth and Fourteenth Amendment rights were violated and seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. However, to the extent Petitioner seeks a declaration that his rights were violated, "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct" and is not "meant simply to proclaim that one party is liable to another."[51] Therefore, Petitioner's request for declaratory relief is improper and will be dismissed.[52]

---

Petition to Petitioner. Order of Jan. 4, 2022 [Doc. No. 48]. Contrary to Petitioner's inference, this Order did not constitute any finding by the Court that the amended service of the response was improper.

[50] While not dispositive, the Court notes that Petitioner also argued in his PCRA appeal that the court improperly relied on *ex parte* communications. *Dupree 2020*, 2020 WL 3057342, at *3. The Pennsylvania Superior Court held that the information relied on by the PCRA court was not *ex parte,* as it was filed of record and served upon Petitioner. *Id.*

[51] *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) (citations omitted); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

[52] In his request for declaratory relief, Petitioner contends that "[t]he City of Philadelphia is also liable for damages incurred." Aff. and Notice to Defend [Doc. No. 54] ¶ 15. To the extent that Petitioner wishes to assert any claims for damages based on alleged violations of his constitutional rights, he must file a separate civil action under 42 U.S.C. § 1983.

### B. Motion under 28 U.S.C. § 1367

Petitioner moves for specific performance under 28 U.S.C. § 1367, arguing that the Court should exercise supplemental jurisdiction to enforce his contractual rights and grant a writ of habeas corpus under 28 U.S.C. § 2254(e)(2).[53]

Under 28 U.S.C. § 1367(a), except in certain circumstances, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[54] However, federal courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over it which it has original jurisdiction.[55] Therefore, even if Petitioner could bring a supplemental state law claim for specific performance in a habeas petition, the Court would decline to exercise supplemental jurisdiction over such a claim. Therefore, the motion for specific performance under 28 U.S.C. § 1367 will be dismissed for lack of jurisdiction.

### C. Motion for Certificate of Appealability

Petitioner moves for a certificate of appealability and files a "precautionary notice of appeal in advance,"[56] in the event the Court denies his amended petition and motion for specific performance. The Court will not issue a certificate of appealability as there is no basis for concluding that "reasonable jurists could debate whether…the petition should have been

---

[53] Petitioner previously moved for specific performance under Federal Rule of Civil Procedure 60(b), which the Court denied for lack of jurisdiction. The Court reasoned that "[t]he Court's jurisdiction over this case derives from 28 U.S.C. § 2254, which does not contemplate breach of contract actions .… Dupree's new claims do not directly challenge the legality or circumstances of Dupree's confinement; they are civil contract claims under Pennsylvania law against Pennsylvania officials." Order of Aug. 23, 2022 [Doc. No. 56] at 3.

[54] 28 U.S.C. § 1367(a).

[55] 28 U.S.C. § 1367(c)(3).

[56] Mot. for Certificate of Appealability [Doc. No. 58] at ECF page 1.

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[57] Therefore, the motion for a certificate of appealability is denied.

### D. Motion for Joinder of Additional Defendants/Amend Habeas Petition

Finally, Petitioner moves to join additional defendants and amend his habeas petition to reflect an additional cause of action. Petitioner seeks to remove Respondent Wetzel and join several parties including the Honorable Debra Todd, Dr. Laurel R. Harry, Morris Houser, Kathleen Martin, and the Honorable Katherine V. Oliver. Petitioner does not specify what claims he seeks to add, but argues that these parties "accrued liability between February 17, 2023, and March 1, 2023, for deprivation of liberty, under color of state law, and rights secured by the United States Constitution."[58] Petitioner claims that on February 17, 2023, these parties "made an unreasonable determination of adjudicative facts against its own certification to perpetuate the false imprisonment of the plaintiff's body and rendered a decision that is contrary to, or involved an unreasonable application of federal law."[59] He also claims that on March 1, 2023, the Court of Common Pleas of Centre County "scratched-out" the time impression of his pleadings involving a Sixth Amendment violation and denied his access to the state courts.[60]

While Rule 15 provides that leave to amend should be freely given,[61] the motion may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of

---

[57] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation omitted).

[58] Mot. for Joinder [Doc. No. 62] at ECF page 1.

[59] Mot. for Joinder [Doc. No. 62] at ECF page 1.

[60] Mot. for Joinder [Doc. No. 62] at ECF page 1.

[61] Fed. R. Civ. P. 15(a)(2).

amendment.[62] In this case, Petitioner's proposed amendments are futile. To the extent he still challenges the validity of the charging instrument, the Court has already explained that his arguments mischaracterize the record. To the extent that Petitioner wishes to assert any claims based on alleged violations of his constitutional rights, he must file a separate civil action under 42 U.S.C. § 1983.

### IV.    CONCLUSION

For the reasons discussed above, the R&R is adopted as set forth in this Memorandum Opinion, and Petitioner's Amended Habeas Petition is dismissed and denied. Additionally, Petitioner's request for declaratory relief in his Affidavit and Notice to Defend is dismissed, the Motion under 28 U.S.C. § 1367 is dismissed for lack of jurisdiction, the Motion for Certificate of Appealability is denied, and the Motion for Joinder of Additional Defendants is denied. An appropriate order follows.

---

[62] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993); *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996)).